FILED: 9/26/2019 3:06 PM
David Trantham
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

19-9303-462

CAUSE NO. _____

| | | |
|---|---|---|
| NORTH DALLAS FAMILY CHURCH, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | DENTON COUNTY, TEXAS |
| | § | |
| BROTHERHOOD MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, North Dallas Family Church, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Brotherhood Mutual Insurance Company ("Brotherhood") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.    Plaintiff, North Dallas Family Church, resides in Denton County, Texas.

3.    Defendant, Brotherhood Mutual Insurance Company, is an Indiana insurance company, engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon Brotherhood, through its registered agent for service:  **c/o CoGency Global, Inc., 1601 Elm Street, Suite 4360 Dallas, Texas 75201**.  Plaintiff requests service at this time.

## JURISDICTION

4.   The Court has jurisdiction over Brotherhood because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Brotherhood's business activities in the state, including those in Denton County, Texas, with reference to this specific case.

## VENUE

5.   Venue is proper in Denton County, Texas because the insured property is located in Denton County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Denton County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.   Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.   Plaintiff owns a Brotherhood Mutual Insurance Company insurance policy, number 42M5A0467713 ("the Policy").   At all relevant times, Plaintiff owned the insured commercial premises located at **1700 South Josey Lane Carrollton, Texas 75006** ("the Property").

8.   Brotherhood Mutual Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiff.   Brotherhood Mutual Insurance Company represented to Plaintiff that the Policy included hail and windstorm On or about February 21, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Carrollton/Denton County, Texas area.

9.   In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Brotherhood

against the Policy for damage to the Property.  Brotherhood assigned claim number 560205 to Plaintiff's claim.

10.     Plaintiff asked Brotherhood to cover the cost of damage to the Property pursuant to the Policy.

11.     Brotherhood hired or assigned its agent, W. Corey Guntle, to inspect and adjust the claim. Guntle conducted an inspection on or about May 14, 2018.  Guntle's denial was based solely on the ProNet, hired-gun, engineer report stating "church roofs were not damaged as a result of wind or hail…..damages are consistent with tree branches contacting the roof surface, maintenance-related activities, foot traffic, and conditions, including historical damage and deterioration, similar to what was first reported by the engineer in the previous claim."  This statement by the hired gun engineer hired by Guntle and Brotherhood for the sole purpose of setting up a denial of the claim, no matter what the facts, was actually contradicted by the actual condition of the property that Guntle saw, of should have seen had he actually wanted to pay the claim.  Brotherhood and Guntle's actions meant that Plaintiff was left without adequate funds to make repairs on the entirety of their claim.

12.     Brotherhood, through its agent, Guntle, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

13.     Brotherhood and Guntle have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional interior damage. Specifically, Guntle found no damage to Plaintiff's roof. The third-party inspector hired to review the damage to the Property found damage to the three-ply roofing gavel ballast and composite shingle

roofing. In addition, the third-party inspector found damage to cap flashing, flashing, roof jack, roof vent, attic vent cover, condenser fins, and flash parapet that were completely absent from Guntle's estimate. The storm compromised the integrity of the roof allowing water to travel into and cause damage to the main level office, hall storage, electrical room, infant room, Rooms 107 and 109, Banquet room, Electrical room 2 East Hallway, South Hallway, Dark Room A, Dark Room B, Storage room, kitchen, men's room, Office 2, Study room, and Conference room.

14.     The damage to Plaintiff's Property is currently estimated at $243,726.61.

15.     Guntle had a vested interest in undervaluing the claims assigned to him by Brotherhood in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Guntle.

16.     Furthermore, Guntle was aware of Plaintiff's deductible prior to inspecting the Property. Guntle had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

17.     Guntle misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Guntle made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

18.     After reviewing Plaintiff's Policy, Guntle misrepresented that the damage was caused by non-covered perils. Guntle used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

19.     As stated above, Brotherhood and Guntle improperly and unreasonably adjusted Plaintiff's claim.  Without limitation, Brotherhood and Guntle misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

20.     Brotherhood and Guntle made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Brotherhood and Guntle made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Guntle.

21.     Plaintiff relied on Brotherhood and Guntle's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property.  Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

22.     Upon receipt of the inspection and estimate reports from Guntle, Brotherhood failed to assess the claim thoroughly.  Based upon Guntle's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Brotherhood failed to provide coverage due under the Policy, and Plaintiff suffered damages.

23.     Because Brotherhood and Guntle failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiff's Property.

24.     Furthermore, Brotherhood and Guntle failed to perform their contractual duties to Plaintiff

under the terms of the Policy.  Specifically, Guntle performed an unreasonable and substandard inspection that allowed Brotherhood to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

25.   Brotherhood and Guntle's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

26.   Brotherhood's and Guntle's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (1).  Brotherhood and Guntle have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Brotherhood and Guntle have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

27.   Brotherhood's and Guntle's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (2) (A).  Brotherhood and Guntle failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

28.   Additionally, after Brotherhood received statutory demand on or about 07/08/2019, Brotherhood has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any

explanation for failing to settle Plaintiff's claim properly.

29.    Brotherhood's and Guntle's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a) (4).   Guntle performed a biased and intentionally substandard inspection designed to allow Brotherhood to refuse to provide full coverage to Plaintiff under the Policy.

30.    Specifically, Brotherhood and Guntle performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

31.    Brotherhood's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.055.   Due to Guntle subpar inspection, Brotherhood failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

32.    Brotherhood's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.056.   Due to Guntle's intentional undervaluation of Plaintiff's claims, Brotherhood failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.   Specifically, Guntle's understatement of the damage to the Property caused Brotherhood to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

33.    Brotherhood and Guntle's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

7

## CAUSES OF ACTION AGAINST DEFENDANT
## BROTHERHOOD MUTUAL INSURANCE COMPANY

34. All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

35. Brotherhood is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Brotherhood and Plaintiff.

36. Brotherhood's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Brotherhood's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

37. Brotherhood's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

38. Brotherhood's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

39. Brotherhood's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Brotherhood's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a

deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

40.     Brotherhood's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

41.     Brotherhood's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42.     Brotherhood's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

43.     Brotherhood's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44.     Brotherhood's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

45.     Brotherhood's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Brotherhood knew or should have known by the exercise of reasonable

9

diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

46.   Brotherhood's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Brotherhood pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Brotherhood. Specifically, Brotherhood's violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, Brotherhood has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Brotherhood's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Brotherhood represented to Plaintiff that the Policy and Brotherhood's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Brotherhood represented to Plaintiff that Brotherhood's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Brotherhood advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Brotherhood breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.    Brotherhood's actions are unconscionable in that Brotherhood took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Brotherhood's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.    Brotherhood's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

47.    Each of the above-described acts, omissions, and failures of Brotherhood is a producing cause of Plaintiff's damages.  All of Brotherhood's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**KNOWLEDGE**

48.    Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

49.   Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

50.   The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

51.   Plaintiff currently estimates that actual damages to the Property under the Policy are $243,726.61.

52.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above described acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

53.   For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

54.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional

conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

55.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

56.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Brotherhood owed, exemplary damages, and damages for emotional distress.

57.     Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

58.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the

reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

60.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

61.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Denton County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Brotherhood Mutual Insurance Company, Inc., be cited and served to appear, and that upon trial hereof, North Dallas Family Church, recovers from Defendant, Brotherhood Mutual Insurance Company, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble

damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
**eservice@cwilsonlaw.com**
**cwilson@cwilsonlaw.com**
**pmcginnis@cwilsonlaw.com**

ATTORNEYS FOR PLAINTIFF

15